IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| INTERLEASE AVIATION INVESTORS II (ALOHA) L.L.C., an Illinois limited liability company; INTERLEASE AVIATION INVESTORS III (TACA) L.L.C., an Iowa limited liability company; and MIMI LEASING CORP., an Iowa corporation, <br><br> Plaintiffs, <br><br> v. <br><br> VANGUARD AIRLINES, INC., a Delaware corporation; PEGASUS AVIATION, Inc., a foreign corporation; VANGUARD ACQUISITION COMPANY, AIRLINE INVESTMENTS INC.; SEABURY GROUP, LLC, a New York limited liability company; and RICHARD S. WILEY <br><br> Defendants <br><br>――――――――――――――――――――― <br><br> PEGASUS AVIATION, Inc. and VANGUARD ACQUISITION COMPANY <br><br> Counterplaintiffs <br><br> INTERLEASE AVIATION INVESTORS II (ALOHA) L.L.C.; INTERLEASE AVIATION INVESTORS III (TACA) L.L.C.; MIMI LEASING CORP.; PHILLIP COLEMAN; and DOES 1 through 5, inclusive, <br><br> Counterdefendants | No. 02 C 4801 <br><br> Amy J. St. Eve, Presiding Judge <br><br> Edward A. Bobrick, Magistrate |

**COUNTERDEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Counterdefendants, INTERLEASE AVIATION INVESTORS II (ALOHA) L.L.C. ("Interlease II"), INTERLEASE AVIATION INVESTORS III (TACA) L.L.C. ("Interlease III") and

MIMI LEASING CORP. ("Mimi"), by their attorneys, Eric S. Palles and Gary Ravitz, and RAVITZ & PALLES, P.C., in support of their motion for partial judgment on the pleadings with respect to Count III of the counterclaims of Counterplaintiffs PEGASUS AVIATION, INC. ("Pegasus") and Vanguard Acquisition Company ("VAC"), state as follows:

## INTRODUCTION

Counterplaintiffs Pegasus and VAC ("Counterplaintiffs") filed counterclaims against Interlease II, Interlease III, Mimi, Phillip Coleman ("Coleman"), and Does 1-5 ("Does")[1] alleging three counts of fraud (Counts I, II and IV) and one count of negligent misrepresentation (Count III). (Pegasus Corrected Counterclaim Dkt. 71; VAC Counterclaim Dkt. 68[2]). This motion relates to the negligent misrepresentation claim.

## ARGUMENT

### The Rule 12(c) Standard

The instant Rule 12(c) motion seeks to dispose of these claims on their substantive merits. The court thus applies the summary judgment standard, except that its review is limited to the pleadings. Alexander v. City of Chicago, 994 F.2d 333, 335-336 (7th Cir. 1993); see also Conley v. Team Info Age, No. 03 C 0639, 2004 U.S. Dist. LEXIS 1007 at *2-3, (N.D. Ill January 27, 2004) (Darrah, J.); HSBC Bank v. Goldstein, No. 03 C 3607, 2003 U.S. Dist. Lexis 22756 at *5, (N.D. Ill December 17, 2003) (Der-Yeghiayan, J.). Judgment on pleadings is thus appropriate when, taking all well-pleaded allegations in the counterclaims to be true, and viewing the facts and inferences to

---

[1] The undersigned counsel filed a motion, pursuant to Rules 12(b)(5) and 4(m), to dismiss the counterclaims as to counterdefendants Coleman and Does. That motion is pending. Dkt. 104.

[2] On July 10, 2003, Judge Alesia granted plaintiffs' motion to realign intervening third-party plaintiff Vanguard Acquisition Company as a defendant/counter-plaintiff. Dkt. 75.

be drawn from those allegations in the light most favorable to the counterplaintiffs, the counterdefendants are entitled to judgment as a matter of law. Alexander, *supra* at 336. The pleadings in this case "demonstrate the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Counterdefendants lease aircraft; they are not in the "business of supplying information for the guidance of others." No reasonable jury could find otherwise. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000). Counterdefendants are thus entitled to judgment as a matter of law.

Count III of the Counterclaims fails as a matter of law because the Counterdefendants are not in the business of supplying information for the guidance of others

This is a diversity case in which the Counterdefendants are alleging that tortious conduct occurred in Illinois, (Dkt. 71 ¶¶13-14; Dkt. 68 ¶¶12-13). The governing law is therefore the substantive law of Illinois. See Help at Home, Inc. v. Medical Capital, LLC, 260 F.3d 748, 753 (7th Cir. 2004), citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, (1938). In Illinois, the economic loss (or "Moorman") doctrine generally bars a plaintiff from recovering in negligence claims for purely economic losses. Moorman Manufacturing Co. v. National Tank Co., 91 Ill. 2d 69, 91, 435 N.E.2d 443, 453(1982); Tolan & Son v. KLLM Architects, 308 Ill. App. 3d 18, 20, 719 N.E.2d 288, 291 (Ill App 1997). The Moorman Court carved out an exception to the economic loss doctrine for cases of negligent misrepresentation, but only when a defendant is "in the business of supplying information for the guidance of others in business transactions." In re Chicago Flood Litigation, 176 Ill. 2d 179, 199, 680 N.E.2d 265 (1997).

The Illinois Supreme Court's test for determining whether a defendant "is in the business of supplying information for the guidance of others in their business transactions" is whether the end

3

product is a tangible object rather than an intangible one. Fireman's Fund Insurance Co. v. SEC Donohue, Inc., 176 Ill. 2d 160, 168-69, 679 N.E.2d 1197, 1201(1997); M W Mfrs. v. Friedman Corp., 1998 U.S. Dist. LEXIS 11309 at *12, No. 97 C 8319, (N.D. Ill July 16, 1998)(Coar, J.); Prime Leasing, Inc. v. Kendig, 332 Ill. App. 3d 300, 312 (Ill. App., 2002). (citing Tolan & Son, 308 Ill. App. 3d at 27, 719 N.E.2d at 291).

> "The negligent misrepresentation exception has been applied to pure information providers such as accountants (Congregation of the Passion, Holy Cross Province v. Touche Ross & Co., 159 Ill. 2d 137, 636 N.E.2d 503 (1994)); a bank providing credit information to a potential lender (DuQuoin State Bank v. Norris City State Bank, 230 Ill. App. 3d 177, 595 N.E.2d 678 (1992); aircraft, inventory and termite inspectors (Haimberg v. R&M Aviation, Nos. 99-3554, 99-3673 Cons. (7th Cir. March 13, 2001) (prepurchase aircraft inspector); General Electric Capital Corp. v. Equifax Services, Inc., 797 F. Supp. 1432 (N.D. Ill. 1992) (prepurchase inventory inspector); Perschall v. Raney, 137 Ill. App. 3d 978, 484 N.E.2d (1985) (termite inspector)); a title insurer (Notaro Homes, Inc. v. Chicago Title Insurance Co., 309 Ill. App. 3d 246, 257, 722 N.E.2d 208 (1999)); real estate brokers (Duhl v. Nash Realty, Inc., 102 Ill. App. 3d 483, 429 N.E.2d 1267 (1981); Menard, Inc. v. U.S. Equities Development, Inc., No. 01 C 7142 (N.D. Ill. February 28, 2002) (mem. op.); and stockbrokers (Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Ill. App. 3d 75, 385 N.E.2d 376 (1979))."
>
> Fox Associates, Inc. v. Robert Half Intern. Inc., 334 Ill.App.3d 90, 94, 777 N.E.2d 603, 607 (Ill App 2002).

In the above listed cases and in other cases where courts have held that a defendant was in business of supplying information for the guidance of others, the product provided was purely information -- the consumer received analytical work rather than a tangible product. "In other words, the end product [was] the ideas, not the documents or other objects into which the ideas [were] incorporated." Id., citing Tolan & Son, 308 Ill. App. 3d at 29, 719 N.E.2d at 295).

Courts, however, have found defendants not to be in the business of supplying information to others where the defendants' end-product is a tangible product. *E.g.* Fox Associates, *supra* (affirming dismissal of a negligent misrepresentation claim against a temporary agency involving providing a temporary worker); Castrol Indus. N. Am., Inc. v. Airosol Co., No. 01 C 1077, 2002 U.S. Dist. LEXIS 17192 at 10-11 (N.D. Ill, September 11, 2002) (Grady, J.) (producer of aerosol cans was not in the business of supplying information). Particularly significant to the instant case is Go for It, Inc. v. Aircraft Sales Corp., No. 02 C 6158, 2003 U.S. Dist. LEXIS 11043 at 14 (N.D. Ill, June 25, 2003)(Hibbler, J.) in which the court held that the Moorman exception did not apply because the defendant airline sales company was not in business of supplying information for the guidance of others.

In the instant case, Counterdefendants are engaged in supplying four Boeing 737 aircraft. (Dkt. 71 ¶¶3-5; Dkt. 68 ¶¶2-4; Dkt 91, at ¶4). Significantly, the Counterplaintiffs have made no averments that the Counterdefendants were in the business of supplying information to anyone, and this court is not required to speculate how a defendant might be in that business. Johnstown / Consolidated Realty Trust v. Graves, No. 87 C 7771, 1990 U.S. Dist. LEXIS 9086 at *11-12, (N.D. Ill., July 20, 1990) (Bobrick, J.). "It would require no small amount of semantic gymnastics to fit [counterdefendants] into the 'business of supplying information' requirement." Id.

Because the pleadings must be viewed most favorably to the counterplaintiffs, it may be assumed that the Counterdefendants supplied information during the course of their dealings with the Counterplaintiffs and that they were negligent. Nonetheless, supplying this information is, at best, ancillary to the counterdefendants' business of leasing aircraft. "The focus of Moorman's negligent misrepresentation exception to the economic loss doctrine is whether the defendant is in

5

the business of supplying information for the guidance of others, or *whether the information that is supplied is merely ancillary to the sale or in connection with the sale of merchandise or other matter.*" Fireman's Fund Insurance Co., 176 Ill. 2d at 168, 679 N.E.2d at 1201. (emphasis added)(affirming dismissal of negligent misrepresentation claim seeking economic loss damages against engineer because representations were incidental to a construction project, a tangible product). Providing information in conjunction with one single transaction involving the plaintiff is insufficient to categorize the defendant's business as supplying information for the guidance of others. Johnstown / Consolidated Realty Trust, supra at *11-12. (holding that a beneficiary of land trusts is not in the business of supplying information to a land trust company even if the beneficiary communicated information to the defendant in the relevant transaction).[3] CONCLUSION

For the foregoing reasons, Plaintiffs, pray this court enter judgment in their favor with respect to count III of the counterclaims.

Respectfully submitted,

*/s/ signature*

One of Plaintiffs' Attorneys

ERIC S. PALLES
GARY RAVITZ
RAVITZ & PALLES, P.C.
203 N. LaSalle, Suite 2100
Chicago, IL 60601
(312) 558-1689

---

[3] Should it become relevant, the negligent misrepresentation claim against Coleman and the Does is legally insufficient for the same reasons enunciated herein. See Prime Leasing, Inc. v. Kendig, 332 Ill. App. 3d 300, 312, 773 N.E.2d 84, 95 (Ill. App., 2002) (holding that a director of a retail store was not in the business of supplying information because the retail store is not in the business of supplying information).